UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHILIP KOLINSKI and
LINNIE KOLINSKI,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

Robert Gittleman, (P 14025)
Tracie R. Gittleman, (P 45176)
ROBERT GITTLEMAN LAW FIRM, PLC
Attorneys for Plaintiffs
31731 Northwestern Highway, Suite 101E
Farmington Hills, Michigan 48334
(248) 737-3600

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a judge in this Court.

_____
Robert Gittleman (P 14025)

**COMPLAINT**

NOW COME Plaintiffs, PHILIP KOLINSKI and LINNIE KOLINSKI, through their attorneys, ROBERT GITTLEMAN LAW FIRM, PLC, by Robert Gittleman, and for their Complaint against Defendant, states unto this Honorable Court as follows:

1.      This is an action arising  under the Federal Tort Claims Act 28 USC 2671 et seq.  This court is vested with jurisdiction pursuant to 29 USC 1346B.

2.      United States of America either owns, enables, operates, partially operates and/or insures a healthcare facility known as Health Delivery, Inc., also d/b/a Wadsworth Dental Center, in the City of Saginaw, County of Saginaw, State of Michigan.

3.      Plaintiffs are residents of the City of Saginaw, County of Saginaw, State of Michigan, and shall hereinafter be referred to as "Plaintiff".

4.      Plaintiff LINNIE KOLINSKI is the wife of Plaintiff PHILIP KOLINSKI, and makes claim for the loss of the love, use, care and consortium of her spouse, as well as for his medical and dental bills, and loss of support.

5.      Defendants were engaged in the practice of general dentistry and extraction oral surgery at all times mentioned herein for valuable consideration.

6.      Tsao-Yin Liu, D.D.S., and Brian Yetter, student studying dentistry enrolled at University of Michigan Dental School, are agents, employees, servants and/or independent contractors of Defendant and practice dentistry at the office of Health Delivery, Inc., d/b/a Wadsworth Dental, 2308 Wadsworth, Saginaw, Michigan, and at all times mentioned herein for valuable consideration, and is covered for malpractice tort claims by the Federal Tort Claims Act, and will hereafter be referred to, along with the

2

United States of America, as "Defendants", which will mean each party individually and together.

7.      Tsao-Yin Liu, D.D.S., while practicing dentistry at Health Delivery, Inc., d/b/a Wadsworth Dental Center, held himself out to the public as possessing the necessary degree of care, skill, diligence and attention utilized by similar dentists and in similar communities in the care and treatment of patients.

8.      Health Delivery, Inc., d/b/a Wadsworth Dental Center, in operating its medical and dental health center, held itself out to the public to utilize that degree of care, skill, diligence and attention utilized by healthcare facilities generally in the community and in similar communities in the care and treatment of patients, including dental patients.

9.      Brian Yetter, while practicing dentistry at Health Delivery, Inc., d/b/a Wadsworth Dental Center, practicing dentistry allegedly under the supervision of Defendant Tsao-Yin Liu, D.D.S., held himself out to the public as possessing the necessary degree of care, skill, diligence and attention utilized by healthcare facilities and dentists and in similar communities in the care and treatment of patients. Defendant Brian Yetter improperly held himself out as a licensed dentist and did not disclose he was only a dental student.

10.     Defendants at all times mentioned herein had in their employ among others, doctors, dentists, nurses, dental assistants, other dental aides, interns, residents, dental students and other healthcare personnel over which Defendant Tsao-Yin Liu, D.D.S., or Defendant Health Delivery, Inc., d/b/a Wadsworth Dental Center

3

either or both exercise exclusive control and supervision with the right to employ and discharge such personnel.

11.     At all times herein, Plaintiff Philip Kolinski was eligible for and did receive medical/dental care at Defendant Health Delivery, Inc., d/b/a Wadsworth Dental Center.

12.     On September 9, 2013, Plaintiff Philip Kolinski presented to Defendant Health Delivery, Inc., d/b/a Wadsworth Dental Center, and was assigned to Defendant Tsao-Yin Liu, D.D.S., for extraction surgery dentistry, because he holds himself out as a licensed dentist and surgical dentist, and Defendant Tsao-Yin Liu, D.D.S., advised Plaintiff extraction of tooth #32 was necessary; and Plaintiff put himself under the care of Tsao-Yin Liu, D.D.S., relying on his expertise as a licensed dentist, and on his advice for a valuable consideration.  Extraction surgery was appointed for September 12, 2013.

13.     On September 12, 2013, Plaintiff Philip Kolinski returned for his scheduled extraction dental appointment.  Without Plaintiff's consent, Defendant Health Delivery, Inc., d/b/a Wadsworth Dental Center and Defendant Tsao-Yin Liu, D.D.S., reassigned Plaintiff's treatment to Defendant Brian Yetter without informing Plaintiff Defendant Brian Yetter was only a student and without informing Plaintiff Defendant Brian Yetter was performing Plaintiff's surgery without direct supervision from any licensed dentist.

14.     Defendants had a duty to ensure the extraction surgery treatment was performed without forcing foreign bodies beyond the intended surgical field in the mandible and traumatically dropping/thrusting/forcing foreign bodies into Plaintiff's pulmonary system, causing surgical mechanically induced dysfunction to the pulmonary

4

system by forcing chunks of amalgam, tooth structure and/or unintended instruments or other foreign bodies into the pulmonary system.

15.    Defendant's chart incorrectly documents Defendant Tsao-Yin Liu, D.D.S., performing Plaintiff's extraction on September 9, 2013 when, in fact, Defendant Brian Yetter negligently performed the surgery September 12, 2013, and forced foreign bodies into Plaintiff's pulmonary system as documented in Defendant's chart.

16.    Defendants had a duty to refrain from performing invasive surgical procedures, including extraction of tooth #32, unless surgery would benefit the health of Plaintiff by licensed dentists directly supervising, assisting, performing the surgery, including negligent pre-treatment evaluation, safe reasonable work-ups, surgery without breaking tooth structure and forcing chunks into Plaintiff's pulmonary system without informed consent; without adequate training, education or knowledge.  Defendants' performance of the negligent extraction surgery proximately caused Plaintiff severe body injuries, including pulmonary dysfunctions and related body injuries from negligent extraction surgery, plus forcing pieces of amalgam into Plaintiff's lungs.  Defendants' negligent treatment required surgical removal of the foreign bodies which would not have occurred if Defendants did not perform negligent extraction surgery.

17.    Defendants' substandard treatment resulted in pulmonary traumatic injuries from ingested foreign bodies requiring in-patient hospitalization one week, including several days in ICU, none of which would have occurred but for Defendants' substandard extraction procedures.

5

18.     Defendants performed surgery without informed consent, including failing to inform Plaintiff that Defendant Tsao-Yin Liu, D.D.S., was not performing surgery and was not supervising Defendant Brian Yetter and that Defendant Brian Yetter was only a student and that Defendants would permanently injure Plaintiff by negligently performed surgery extracting tooth #32 or properly timely followed up immediately post-op, or that Defendants were inadequately trained to safely perform Plaintiff's implant surgery or otherwise were incompetent to safely treat Plaintiff.

19.     Defendants negligently manipulated their instruments with extensive force and negligent technique causing pieces of tooth/amalgam to fracture and losing control and causing the foreign bodies to be forced into Plaintiff's pulmonary system.

20.     Defendants negligently instrumented/manipulated/mishandled their instruments and negligent and carelessly traumatically forced them into Plaintiff's pulmonary system and then negligently and carelessly left them in place knowing, or should have known, they would cause tissue destruction and permanent injuries.

21.     Defendants violated the standard of care by failing to take adequate pre-treatment, treatment, or timely post-treatment x-rays, including adequate number, adequate type and adequate time intervals, and negligent instrument selection, instrument manipulation and substandard surgical technique.

22.     Defendants failed to timely advise or treat Plaintiff of their continuing, negligent surgical treatment, and negligently allowed and caused Plaintiff's injuries to occur and worsen.

6

23.    Plaintiff's pulmonary system and surrounding tissues are permanently injured, including breathing and stamina dysfunction.  Plaintiff's pulmonary function is dysfunctional and suffers pain, suffering, mental anguish, and fear of dentists.

24.    Defendants had a continual duty to refer Plaintiff to a more competent licensed practitioner, but failed to do so, thereby depriving Plaintiff of the free choice of competent practitioners, causing Plaintiff's injuries, which would not have occurred but for Defendants' failure, refusal or neglect to timely refer Plaintiff to a competent licensed practitioner or properly perform the procedure.

25.    Defendants had a duty to inform Plaintiff they were not competent to treat Plaintiff so Plaintiff could seek treatment with a competent practitioner to prevent treatment injuries, which would not have occurred if Defendants informed Plaintiff of their incompetence so Plaintiff could have declined Defendants' negligent treatment.

26.    Defendants had a duty to inform Plaintiff of the risk of permanent injuries, including pulmonary dysfunction, from Defendants' substandard treatment/technique, so Plaintiff could make an informed choice whether to allow Defendants to perform his extraction surgery, but Plaintiff was not so informed so could not intelligently decline Defendants' procedure.

27.    Plaintiff required thoracic surgery to excise Defendants' misplaced foreign bodies which caused generalized dysfunction to Plaintiff's body as a proximate result of Defendants' substandard treatment.

28.    Defendants had exclusive control of the body of Plaintiff and the instruments causing Plaintiff's injuries which injuries are of a kind that do not occur in

7

the absence of negligence/substandard care that did, in fact, proximately cause Plaintiff's injuries.

29.    Plaintiff has and must undergo long-term dental, medical and hospital treatments to attempt to have the wrongful effects of the injuries inflicted by Defendants' wrongdoing mitigated, which has and causes Plaintiff severe pain, suffering, disability, and mental anguish.

30.    Plaintiff may incur large amounts of medical, hospital and dental bills for treatment and will incur additional medical, hospital and dental bills to treat effects of the injuries inflicted, both physically and mentally.

31.    Defendants failed to properly professionally serve and treat Plaintiff by failing to maintain Defendants' obligation to keep their knowledge and skills current in the areas of oral surgery for which they were treating Plaintiff in violation of the standard of care, thereby causing the aforementioned injuries to Plaintiff.

WHEREFORE, Plaintiffs request judgment in favor of Plaintiffs, PHILIP KOLINSKI and LINNIE KOLINSKI, against Defendant, UNITED STATES OF AMERICA, for One Hundred Fifty Thousand Dollars ($150,00), plus interest, court costs and attorney fees.

...

8

DATED this 5th day of December, 2014.

Respectfully submitted, by:

ROBERT GITTLEMAN LAW FIRM, PLC

By: _____
Robert Gittleman, (P 14025)
Tracie R. Gittleman, (P 45176)
Attorneys for Plaintiffs
31731 Northwestern Hwy., Ste. 101E
Farmington Hills, Michigan  48334
(248) 737-3600

# **<u>EXHIBIT A</u>**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PHILIP KOLINSKI and
LINNIE KOLINSKI,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,

      Defendant.

_____/

Robert Gittleman, (P 14025)
Tracie R. Gittleman, (P 45176)
ROBERT GITTLEMAN LAW FIRM, PLC
Attorneys for Plaintiffs
31731 Northwestern Highway, Suite 101E
Farmington Hills, Michigan  48334
(248) 737-3600
_____/

## AFFIDAVIT OF MERIT

STATE OF COLORADO)
                ) SS:
COUNTY OF DENVER  )

      After having reviewed the records and notice of intent provided by Plaintiffs'

attorney, I, ROGER DRUCKMAN, D.D.S., being sworn, submit the following opinions:

      1.    The applicable standard of practice for extraction oral surgery of tooth

#32, is to first secure the informed consent of the patient by reasonably complete verbal

and written communications, including the permission of the patient as to which tooth or

teeth are to be treated by which dentist and if a licensed dentist is not performing the surgery, explain why not, and if a student is performing the surgery, explain in detail what a licensed dentist will do during treatment to prevent injuries to the patient, including active supervision, surgery assisting, and performing and being chairside, and perform safe surgery to those areas within the agreed upon informed consent. The patient must be made as safe and comfortable as reasonably possible in dental settings for extraction of treated teeth, including utilizing safe surgical technique/safety blocks to prevent instruments, including files, drill bits, pieces of tooth or amalgam, or other foreign bodies from being dropped and/or forced into the pulmonary organs. During extraction surgery, including tooth #32, the surgeon must maintain safe reasonable control of the surgical field and surrounding area to prevent instruments, drill bits, teeth segments, restorations, or other foreign bodies from being dropped, forced, lost or allowed to be aspirated into unintended areas of the patient's anatomy, including the pulmonary or digestive system. The surgeon must select, utilize and physically manipulate his instruments to prevent unsafe, substandard hand movement, dropping of instruments, unsafe surgical technique or instrumentation to cause drill bits, teeth segments, restorations, or other foreign bodies form fracturing away, dropped or otherwise directed or forced out of the surgeon's control and lodging in the patient's pulmonary system, and rubber dams or other block technique must be utilized to prevent foreign body ingestion if instruments or other things are dropped. The surgeon must immediately excise any foreign bodies form the pulmonary system and communicate immediate detailed informed consent, and immediately treat or refer the

2

patient to a specialist for foreign body consultation and timely removal.  The surgeon should not fraudulently affirm treatment is by a dentist.

2.      The applicable practice of care was breached by Dr. Tsao-Yin Liu, D.D.S., and Student Dentist Brian Yetter.

3.      The standard of practice of care was breached by substandard, incomplete and unreasonable lack of informed consent to extract mandibular tooth #32. The oral surgery violated the standard of care by failing to maintain reasonable safe control of the operative field and surrounding area, thereby causing the patient's tooth fragment, restorations, drill bit, or other foreign bodies and/or instruments to be dropped, forced, lost and aspirated into unintended areas of the patient's anatomy, i.e. the throat and pulmonary systems.  The dentist and student negligently selected, utilized and physically manipulated their instruments, including finger, hand and arm movements in negligent, non-gentle, unsafe techniques without gentle, safe surgical technique, including clumsy negligent instrument manipulation, causing foreign bodies to drop and/or fracture away and out of their control and dropped or forced into and lodged into the patient's pulmonary system.  The dentist and student were further negligent by not timely, safely, competently, excising the foreign bodies from the pulmonary system, requiring medical specialists in the hospital to perform invasive surgical procedures to remove the foreign body from the pulmonary system where the dentist and student's foreign body lodged from their substandard surgery utilizing non-gentle, non-precision surgical technique and substandard inability to maintain control of their surgical field and instruments, and failure to utilize protection during the oral

3

surgery. The standard of practice of care was further breached by substandard miscontrol of the handpiece, hand instruments, elevators, forceps, rongeurs, and other instruments, and substandard undue pressure during instrumentation, causing the dentist and student's instruments or tooth/amalgam to become foreign bodies and lodge in Plaintiff's pulmonary system.

4.     The patient sustained permanent injuries to his respiratory and surrounding systems, requiring invasive surgical procedures to remove the foreign bodies form the pulmonary system.

ROGER DRUCKMAN, D.D.S.

Subscribed and sworn to before me this

4th day of December, 2014.

Notary Public

Denver County, Colorado.
My Commission Expires: 3/17/2016

MELANIE A. CARLSON
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 03/17/2016

4

# **EXHIBIT B**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF SAGINAW

PHILIP KOLINSKI and LINNIE K.
KOLINSKI,

     Plaintiffs,

vs.

JAVIER V. DURAN, D.M.D.; HEALTH
DELIVERY, INC., a Michigan corporation;
BAYSIDE DENTAL CENTER, a Michigan
Corporation, and WADSWORTH DENTAL
CENTER, a Michigan corporation,

     Defendants.

Case No. 2013-     -NH

Hon.

---

Robert Gittleman, (P 14025)
ROBERT GITTLEMAN LAW FIRM, PLC
Attorney for Plaintiff
31731 Northwestern Highway, Ste. 101E
Farmington Hills, Michigan  48334
(248) 737-3600

---

## **AFFIDAVIT OF MAILING**

STATE OF MICHIGAN  )
                 )ss
COUNTY OF OAKLAND  )

    ROBERT GITTLEMAN, being first duly sworn deposes and says that he is an

attorney in the law firm of ROBERT GITTLEMAN LAW FIRM, PLC, attorneys for Plaintiffs, and

that on the 13th day of January, 2014, he caused to be served a copy of Section 2912b

Notice of Intent to File Claim upon proposed Defendants at the last known address of:

Javier V. Duran, D.M.D.
3884 Monitor
Bay City, Michigan  48706

Bayside Dental Center
3884 Monitor
Bay City, Michigan  48707

Health Delivery, Inc.
c/o Resident Agent: Lisa Galonska
501 Lapeer Avenue
Saginaw, Michigan  48607

Wadsworth Dental Center
2308 Wadsworth
Saginaw, Michigan  48601

Tsao-Yin Liu, D.D.S.
2308 Wadsworth
Saginaw, Michigan  48601

Brian Yetter, Student Dentist
c/o Wadsworth Dental Center
2308 Wadsworth
Saginaw, Michigan  48601

by placing same in well-sealed envelopes properly addressed as indicated above and

deposited in the United States mail receptacle located in Farmington Hills, Michigan,

with full first class postage prepaid thereon.

ROBERT GITTLEMAN, ESQ.

Subscribed and sworn to before me this

_13th_ day of _January_, 2014.

Notary Public

_Oakland_ County,
Michigan.
My Commission Expires: _October 8, 2014_

LYNDA I. LUEDEMAN
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Oct 8, 2014
ACTING IN COUNTY OF

8